NOT FOR PUBLICATION

FILED

AUG 05 2015

MOLLY C. DWYER, CI
U.S. COURT OF APPE

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| BAO QUN HUO, | No. 12-71126 |
| Petitioner, | Agency No. A078-867-715 |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 6, 2015[**]
Pasadena, California

Before: FERNANDEZ and CLIFTON, Circuit Judges, and MUELLER,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Kimberly J. Mueller, District Judge for the U.S. District Court for the Eastern District of California, sitting by designation.

Petitioner Bao Qun Huo ("Petitioner"), native and citizen of the People's Republic of China, seeks review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the UN Convention Against Torture ("CAT"). This court has jurisdiction under 8 U.S.C. § 1252(a). *See Khan v. Holder*, 584 F.3d 773, 779-80 (9th Cir. 2009). We review questions of law de novo and findings of fact for substantial evidence. *Haile v. Holder*, 658 F.3d 1122, 1125 (9th Cir. 2011). Findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B); *INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992).

The BIA's finding that Petitioner failed to establish persecution or a well-founded fear of persecution is supported by substantial evidence. *See Elias-Zacarias*, 502 U.S. at 481 n.1. Petitioner argues the BIA erred in not considering *Zhou v. Gonzales*, 437 F.3d 860 (9th Cir. 2006) in its decision. In that case and as here, the petitioner did not practice Falun Gong, but Zhou was granted withholding of removal and deemed eligible for asylum. However, in *Zhou*, a warrant had been issued in China for petitioner's arrest. *Id.* at 867. The court therefore found a sufficient "individualized interest" supporting a reasonable fear of arrest and punishment. *Id.* Here, there is no evidence of an "individualized

/////

2

interest" in Petitioner, and there is no warrant for his arrest. AR 4; *see also* AR 185-188. The BIA did not err in not considering *Zhou* in its decision.

An examination of the record also does not compel a conclusion that Petitioner has experienced past persecution or a threat of future persecution sufficient to find eligibility for asylum. Because Petitioner failed to establish eligibility for asylum, he necessarily has failed to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Petitioner did not address the CAT claim in his opening brief, it is waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996). We therefore deny the petition insofar as it seeks review of the denial of the CAT application.

**PETITION FOR REVIEW DENIED.**